NUNZIO CARINE, BY HIS NEXT FRIEND, PLAINTIFF-AP-
PELLEE, v. SIMON YOIN, DEFENDANT-APPELLANT.

Submitted December 6, 1924—Decided February 19, 1925.

**Malicious Prosecution—Defendant Mistakenly Identified Plain-
tiff as the One Who Had Robbed His Store, Causing His
Arrest—Allegation That He Had Acted Without Malice,
Without Merit—Alleged Defects In Complaint Not Sufficient
to Justify Reversal.**

On appeal from the District Court of the city of Elizabeth.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *William R. Wilson.*

For the appellee, *David S. Forman.*

PER CURIAM.

This is a case of malicious prosecution. The defendant
kept a store and was robbed of $60 on the night of February
23d, 1924. An officer accosted the plaintiff on the street, took
him to defendant's store, where he was identified by defend-
ant as one of the two who had robbed him. In consequence,
the plaintiff was taken to police headquarters. No written
complaint was made at the time, but on the following day,
plaintiff being in custody, defendant swore out a complaint,
and on the following day a hearing was given, and plaintiff
was discharged. Before swearing to the complaint the de-
fendant was apprised by a reporter friend of the plaintiff, and
otherwise, that plaintiff could not have been the man who
robbed him.

Judgment was given in the malicious prosecution case by
the judge, sitting without a jury, for the plaintiff, in the
sum of $150. Defendant appeals, and contends that the com-
plaint in the District Court was insufficient, in that it failed

to allege malice, and also that there was not sufficient proof of malice, in fact.

We think both contentions are without merit. Defendant, admittedly, was acting on knowledge which was personal to himself and not on that acquired from others. When he caused the plaintiff's commitment he claimed only that he used his own senses for identification. That he was, at least, mistaken in the individual, is clear from the evidence and the finding below. Whether, under the circumstances, he knowingly, and without probable cause, had the plaintiff arrested, as the judge found, we think was a question of fact for the trial court. If without probable cause, the consequent finding of malice was, of course, entirely justified.

As to the complaint, though inartistically drawn, we think the judgment should not be reversed for this reason: It set out the alleged malicious conduct of the defendant, and the parties understood the case to be one of malicious prosecution.

The judgment will be affirmed, with costs.